UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIE YU, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHLAND TASTE RESTAURANT INC, et al., <br><br> Defendants. | Case No.: C- 07-2274    PVT <br><br> ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND VACATING HEARING DATE |

**I.   INTRODUCTION**

Plaintiff Jie Yu ("Yu") alleges Defendant Southland Taste Restaurant ("Southland Taste") failed to pay overtime as required by California Labor Code and Fair Labor Standards Act ("FLSA", 29 U.S.C. § 201 et seq.)[1] Yu filed the Original Complaint on April 27, 2007. On May 9, 2007, before service of the Original Complaint, Yu filed a First Amended Complaint. On May 10, 2007, Southland Taste transferred its assets to Southland Flavor Café ("Southland Flavor.") On October 9, 2007, Yu filed a Motion for Leave to File a Second Amended Complaint. Yu seeks to add an additional Plaintiff, Min Wang ("Wang", collectively "Plaintiffs"), two additional Defendants, Southland Flavor Café and Zhi Yu Deng ("Deng"), and

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

an additional cause of action for Fraudulent Conveyance.

In the proposed Second Amended Complaint, Plaintiffs allege that they were employed at Southland Taste in non-exempt positions and worked overtime without compensation. Plaintiffs further allege that Southland Flavor is the successor to Southland Taste and that Deng is the alter ego of Southland Flavor. Finally, Plaintiffs allege that Southland Taste engaged in a series of transactions transferring asset to Southland Flavor with the intent to defraud Plaintiffs.

## II. DISCUSSION

Federal Rule of Civil Procedure 15 permits Plaintiffs to amend a complaint after a responsive pleading has been filed. "[T]he 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted). It is the party opposing the motion to amend that "bears the burden of demonstrating that a substantial reason exists to deny leave to amend." *State of Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 631, 637 (N.D. Cal. 1997) (citation omitted). "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. *Moore v. Kayport Package Exp., Inc*., 885 F.2d 531, 538 (9th Cir. 1989), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962).

### A. Undue Delay

In this case, there is no evidence of undue delay, bad faith, or dilatory motive. Plaintiffs waited only five months after the sale of Southland Taste to seek to file the second amended complaint.

Defendants rely on *Swanson v. United States Forest Service*, 87 F.3d 339, 345 (9th Cir. 1996) for the proposition that delay alone is sufficient cause to deny leave to amend. Defendants reliance is misplaced. In *Swanson* the court denied leave to amend where the claims sought to be amended had already been dismissed and the deadline for filing dispositive motions had already passed. In contrast, this case is still in the early stages. No deadlines have yet been set for

discovery, dispositive motions, or trial. Accordingly, there has been no undue delay.

### B. Prior Amendment

Defendants assert that, because Yu filed a First Amended Complaint, leave to file the second amended complaint should be denied. Defendants cite *Mir v. Fosburg*, 646 F.2d 342 (9th Cir. 1980) for the proposition that a court has broad discretion to deny leave to amend when "the court has already given plaintiff one or more opportunities to amend his complaint." That case, however, is inapposite. In *Mir*, after years of litigation, the court found no subject matter jurisdiction and dismissed the complaint with leave to amend. The amended complaint was dismissed with prejudice for lack of jurisdiction. The plaintiffs then sought leave to file another amended complaint.

In contrast, in this case, Plaintiff's first amended Complaint was not in response to an order of dismissal and did not cure any defects in jurisdiction. The First Amended Complaint merely added two Defendants, Ching Tung Chen and Chin Shih Yang Chen, alleged to be managing agents of Southland Taste  Accordingly, there is no repeated failure to cure deficiencies by previous amendments and, the prior amendment provides no basis to deny leave to amend.

### C. Prejudice

Defendants claim undue prejudice would result if leave to amend is granted. Defendants assert that the delay from May to October "has prejudiced opposing parties ability to respond to the proposed amendment and prepare for trial." (Opp at 4.) Defendants appear to base their claim on Southland Taste's lack of assets. Defendants do not, however, explain how the delay from May to October resulted in any prejudice. Defendants cite *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1094 (9th Cir. 1998) for the proposition that an amendment that would result in a "radical shift" at a "late hour" after an "inordinate delay" should be denied. In this case, however, it would not be a radical shift, it is not at a late hour, and there has been no inordinate delay. Accordingly, there Defendants have shown no prejudice.

### D. Futility

Plaintiffs seek to allege a claim under California Civil Code Sections 3439.04 and

3439.05.  Section 3439.04 states:

>  (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:
>
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor.
>
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:
>
> (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
>
> (B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

Cal.  Civ.  Code §3438.04.   In order to state a claim, a plaintiff must allege either intent to defraud under section a(1) or that the debtor did not receive adequate value and had inadequate assets remaining under section a(2).  *Monastra v. Konica Business Machines, U.S.A., Inc*., 43 Cal.App.4th 1628, 1635 (1996).

Section 3439.05 states:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

Cal.  Civ.  Code § 3439.05.

Defendants assert that leave to amend should be denied because the claim would be futile.  Defendants, however, do not support this argument.  Defendants merely state that it is

> an extremely odd cause of action for fraudulent conveyance, however, there is zero factual basis for fraudulent conveyance.  There are no specific facts indicating *why* SOUTHLAND TASTE RESTAURANT engaged in a series of transactions with intent to hinder or defraud the plaintiff.  Furthermore, it is not an appropriate cause of action for fraudulent conveyance and thus, should not be allowed given the 'sketchy,' at best pleading.

(Opp. at 3-4) (emphasis added).  Plaintiffs seek to allege that Southland Taste transferred assets to Southland Flavor without proper consideration; that Southland Taste was insolvent at the time,

1 or rendered insolvent by the transfers; and that the transfer was with the intent to defraud
2 Plaintiffs.  Thus, Plaintiffs would allege all of the elements of sections 3439.04 and 3439.05.
3 Plaintiffs need not plead "why" Southland Taste made the transactions with intent to defraud.
4 Moreover, Defendants provide no support for their assertion that the cause of action for
5 fraudulent conveyance is not "appropriate."  Accordingly, Defendants have failed to show that
6 leave to amend would be futile.

### III. CONCLUSION

For the foregoing reasons,  It Is Hereby Ordered that:

1. Plaintiffs' Motion for Leave to File a Second Amended Complaint is GRANTED, and
2. The November 13, 2007 hearings for the Motion for Leave to File a Second Amended Complaint is VACATED.

IT IS SO ORDERED.

Dated: November 5, 2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge